IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YUJING SHENTU,<br><br>        Petitioner,<br><br>    vs.<br><br>DIRECTOR, ICE HONOLULU FIELD OFFICE,<br><br>        Respondent. | CIVIL NO. 26-00137 DKW-RT<br><br>ORDER DISMISSING PETITION |

Before the Court are pro se Petitioner Yujing Shentu's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, ECF No. 1, and various additional requests, including an Emergency Motion for Temporary Restraining Order to Prevent Re-Detention, and a Motion for In Camera Review of Redacted Evidence and, in the Alternative, Motion to Suppress Evidence, *see, e.g.*, ECF Nos. 13, 16, 19. In these documents, Shentu raises a host of claims related to her "immigration detention." *See id.* at PageID.4–7.

In their consolidated opposition to Shentu's filings, Respondent argues, among other things, that the Court lacks jurisdiction because Shentu is not in custody. ECF No. 17 at PageID.137–41; *see Maleng v. Cook*, 490 U.S. 488, 490–

91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" . . . at the time his petition is filed.").

During an April 8, 2026 hearing, the Court agreed with Respondent, concluding that it lacked jurisdiction to consider the petition because Shentu does not meet the "in custody" requirement of 28 U.S.C. § 2241.  *See* ECF 24; *Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1087 (9th Cir. 2013) (holding that "aliens who are removable, but not yet subject to a removal order," are not "'in custody' for purposes of 28 U.S.C. § 2241").  The Court held its ruling in abeyance, however, to give Shentu an opportunity to further address its jurisdictional concerns.  *Id.*

Shentu did so on April 15, 2026, filing a Memorandum in Support of Habeas Jurisdiction.  ECF No. 25.  In her memorandum, Shentu confirms what the Court already knew – that she is not currently in physical custody – nor does she dispute that she is not subject to a final order of removal.

Shentu nevertheless contends that various conditions—principally GPS monitoring and the "threat" of detention—are enough to satisfy the habeas statute's "in custody" requirement.  *Id.* at PageID.227.  For example, Shentu cites *Thornton v. Brown*, 757 F.3d 1034, 1041 (9th Cir. 2013), in support of the notion that electronic monitoring satisfies the custodial requirement of 28 U.S.C. § 2241.  ECF No. 25 at PageID.227.  The Court, however, could not find such a case using

Shentu's citation.  To the extent Shentu meant to cite *Thornton v. Brown*, 757 F.3d 834 (9th Cir. 2013), that case does not help her because it involved claims under 42 U.S.C. § 1983, not the habeas statute.

Shentu also cites two district court cases for similar reasons.  *See* ECF No. 25 at PageID.228.  The Court found orders relating to only one of those cases, and that case does not help Shentu because, there, the petitioner was detained.  *See Araiza v. Hermosillo*, 2025 WL 3516103 (W.D. Wash. Dec. 8, 2025) ("Petitioner is presently detained at the Northwest ICE Processing Center.").[1]

In short, nothing in Shentu's memorandum undermines the Court's conclusion that it lacks jurisdiction to consider the petition because Shentu is not "in custody" under 28 U.S.C. § 2241.  *Cf. Munoz v. Smith*, 17 F.4th 1237, 1245 (9th Cir. 2021) ("[W]e have little difficulty concluding that [plaintiff's] electronic monitoring requirement . . . does not cause him to be 'in custody' under § 2254."); *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975) (concluding that the threat of confinement is not enough to satisfy the custodial requirements of 28 U.S.C. §§ 2241, 2254); *see also Wang v. United States Dep't of Homeland Sec.*, 2026 WL 452343 (D. Haw. Feb. 17, 2026) (concluding that fear of arrest by

---

[1] The other district court case she cited is *Mendoza Araiza v. Wamsley*, 2:25-cv-02139 (W.D. Wash. 2025).  ECF No. 25 at PageID.228.

immigration agents is not sufficient to meet "in custody" requirement of 28 U.S.C. § 2241).

The Petition, ECF No. 1, is therefore DISMISSED for lack of jurisdiction, and all other pending requests for relief in this action are DENIED as moot.  The Clerk is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

DATED: April 27, 2026 at Honolulu, Hawai'i.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

*Yujing Shentu v. Director, ICE Honolulu Field Office*; Civil No. 26-00137 DKW-RT; **ORDER DISMISSING PETITION**