IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YUJING SHENTU, | CIVIL NO. 26-00137 DKW-RT |
| Petitioner, | ORDER DENYING EMERGENCY MOTION TO ALTER OR AMEND JUDGMENT UNDER FED. R. CIV. P. 59(e) |
| vs. | |
| DIRECTOR, ICE HONOLULU FIELD OFFICE, | |
| Respondent. | |

On April 27, 2026, the Court dismissed this habeas action for lack of jurisdiction.  ECF No. 26.  In doing so, the Court concluded that Petitioner Yujing Shentu was not "in custody" for purposes of 28 U.S.C. § 2241.  The Court explained that Shentu was not in physical custody, she was not subject to a final order of removal, and that other conditions faced by Shentu in this case—including electronic monitoring and her supposed fear of re-detention—did not satisfy 28 U.S.C. § 2241's custody requirement.  Judgment was entered the same day.  ECF No. 27.

Later that day, Shentu, proceeding without counsel, moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] ECF No. 28.  The Government filed its opposition, ECF No. 30, and Shentu, now with counsel, filed her reply, ECF No. 32.  In her reply, Shentu makes two arguments that are relevant here.  First, citing non-binding district court cases, she argues that the conditions imposed on her through the Intensive Supervision Appearance Program (ISAP) satisfy 28 U.S.C. § 2241's custody requirement.  *Id.* at PageID.313–318.  Second, again citing non-binding district court cases, Shentu argues that she is in custody because she faces "imminent arrest" as a result of a recent decision of the Board of Immigration Appeals (BIA) that revoked her bond. *Id.* at PageID.319–22.

"A Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citation modified).  "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Id.*  While Shentu does not specify the basis for each of her two arguments in the Motion, the

---

[1]Although Shentu also relied on Rule 60(b) of the Federal Rules of Civil Procedure, *see* ECF No. 28, given the timing of the Motion, the relevant rule is Rule 59(e).  *See Alefosio v. Am. Samoa Gov't*, No. 24-cv-00196-DKW-KJM, 2024 WL 3090178, at *1 n.1 (D. Haw. June 21, 2024), *appeal dismissed*, No. 24-4071, 2024 WL 4490653 (9th Cir. Aug. 13, 2024)

Court construes the first argument to be based on "clear error" and the second to be based on "newly discovered evidence."  Each argument is addressed in turn.

Shentu first argues that she is in custody because of the conditions imposed on her under the ISAP.  ECF No. 32 at PageID.313–18.  Although Shentu is correct that the phrase "in custody" includes "both physical detention and other restraints on a [person's] liberty, restraints not shared by the public generally," *Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1088 (9th Cir. 2013) (citation modified), such restraints must be "significant," *see Munoz v. Smith*, 17 F.4th 1237, 1241 (9th Cir. 2021).

Shentu states that she is subject to "continuous electronic monitoring," warrantless entries into her home, and travel restrictions, ECF No. 25-1 at PageID.263–65, but the Court remains unconvinced that these conditions satisfy 28 U.S.C. § 2241's custody requirement.  *See, e.g.*, *Ba v. Lyons*, No. 3:25-cv-2871-CAB-BJW, 2026 WL 218936 (S.D. Cal. Jan. 27, 2026) (holding that individual who was required to wear an ankle bracelet, attend frequent in-person visits, and ordered not to travel more than seventy-five miles without permission, among other things, was not in custody under 28 U.S.C. § 2241); *J.P. v. Santacruz*, No. 8:25-cv-01640-FWS-JC, 2025 WL 2633198 (C.D. Cal. Aug. 27, 2025) (holding that individual subject to ISAP check-in requirements was not in custody under 28 U.S.C. § 2241).  The Court has reviewed the non-binding decisions cited by

3

Shentu, ECF No. 32 at PageID.315–16, but those cases do not demonstrate that the Court clearly erred.

Shentu next argues that she is in custody because she now "faces imminent arrest." ECF No. 32 at PageID.319–22. This argument is based primarily on an April 27, 2026 BIA decision. The BIA vacated an immigration judge's earlier decision that had granted Shentu's request for a change in custody status and released her upon payment of a bond. ECF No. 28-1.

Although Shentu's arrest may now be authorized and is possible, without more, she has not shown that her arrest is "imminent." *Cf. Banos v. Asher*, No. C16-1454 JLR, 2017 WL 2983060, at *4 (W.D. Wash. July 11, 2017) ("Notwithstanding . . . apparently mandatory language [in BIA decision], ICE— not the BIA—has discretion to determine whether to detain [petitioner] pending his merits hearing."). Indeed, two weeks have passed since the BIA issued its decision, and Shentu has offered no facts suggesting that immigration officers have taken any steps to arrest her. Nor, for example, has she shown that an arrest following a BIA decision on bond proceeds on a particular timetable. Thus, even in light of the BIA's April 27, 2026 decision, Shentu's assertion that arrest is imminent is speculative. *See Jeffredo v. Macarro*, 599 F.3d 913, 920 (9th Cir. 2010) ("[A] threat of confinement is not severe nor immediate enough to justify the writ."); *Wang v. United States Dep't of Homeland Sec.*, No. CV 26-00009 MWJS-

KJM, 2026 WL 452343, at *4 (D. Haw. Feb. 17, 2026) ("At least on the present record, the court is not persuaded that the administrative warrant against [petitioner] suffices to support habeas jurisdiction.").

The Motion, ECF No. 28, is therefore DENIED, and this case remains CLOSED.

IT IS SO ORDERED.

DATED: May 12, 2026 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

*Yujing Shentu v. Director, ICE Honolulu Field Office*; Civil No. 26-00137 DKW-RT; **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT UNDER FED. R. CIV. P. 59(e)**